NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAHAIJ WELLS,

        Plaintiff,

v.

KENNETH NELSON, JIMMY BARNES, VICTOR SIERRA, and DIBENEDETTI,

        Defendants.

Civ. No. 13-6024

OPINION

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Defendant Jimmy Barnes ("Defendant") for reconsideration. (ECF No. 103) The Court decides this matter based upon the written submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons stated herein, Defendant's Motion for Reconsideration will be denied.

## BACKGROUND

This case pertains to the alleged wrongful placement of Plaintiff in involuntary protective custody. On June 16, 2017, the Court granted Plaintiff's motion for preliminary injunction. (ECF Nos. 94, 95). Defendant moved for reconsideration of that decision on June 29, 2017. (ECF No. 103). That motion is presently before the Court.

## DISCUSSION

Reconsideration is an extraordinary remedy that is granted "very sparingly." *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1, a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not

1

previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

A motion for reconsideration is not an opportunity "to ask the Court to rethink what it has already thought through—rightly or wrongly." *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Nor is a motion for reconsideration an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Furthermore, the fact that a legal issue was not explicitly mentioned by the court does not preclude a finding that it was not overlooked in the court's initial consideration of the matter. *Ashton v. AT&T Corp.*, 2006 WL 6909588, at *2 (D.N.J. Feb. 2, 2006) ("An argument is not deemed overlooked because it is not specifically addressed in a court's opinion."). Rather, "[a]n argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument." *U.S. ex rel. Simpson v. Bayer Corp.*, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015); *see also Eichorn v. AT & T Corp.*, 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

Defendant argues that "the Court overlooked the entire four-factor test for granting a Preliminary Injunction . . . [and] no consideration was given to the heightened standard under the Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626." (Def.'s Br. at 2, ECF No. 103). The fact that the Court did not discuss in detail each factor for a preliminary injunction and the requirements of the PLRA does not mean that the Court did not consider them. *Ashton*, 2006 WL 6909588, at *2; *Bayer Corp.*, 2015 WL 3618295, at *2. This Court did not overlook any of Defendant's arguments. To the contrary, this Court carefully reviewed and considered each and every point in Defendant's submissions and ultimately decided that Plaintiff had met its burden to obtain a preliminary injunction. Defendant's recapitulation of his prior arguments does not merit reconsideration.

Second, Defendant argues that the injunctive relief should have been more narrowly drawn, and presents various alternatives for how the injunctive relief could have been more narrowly drawn. Defendant had ample opportunity to present such options in its opposition papers (ECF No. 78), oral argument held on May 10, 2017 (Minute Entry, ECF No. 86; Transcript, ECF No. 90), further testimony and argument held on June 14, 2017 (Minute Entry, ECF No. 96), and opportunity for comment prior to the opinion being read into the record on June 16, 2017 (Minute Entry, ECF No. 97). Defendant never presented such options, choosing instead to focus on opposing the preliminary injunction in full. A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d at 613. Therefore, reconsideration is not warranted based on this argument.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration will be denied. An appropriate Order will follow.

**Dated:** *6/30/17*                                                                 */s/ Anne E. Thompson*
                                                                                                  ANNE E. THOMPSON, U.S.D.J.